IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDI LEIGH KINNEY, as Personal Representative of the Estate of Gerald David Kinney, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-04-1293-L |
| JANICE MELTON, Individually; DAVID C. HENNEKE, Individually; ROBERT L. RAINEY, Individually; W. MARK LUTTRULL, Individually; TED LOGAN, Individually; BEVERLY YOUNG, Individually; EARNEST D. WARE, Individually; JOHN DOES 1 through 5, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Brandi Leigh Kinney ("plaintiff"), as personal representative of the Estate of Gerald David Kinney ("Kinney"), deceased, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution.  This matter is before the court on Defendant, Janice Melton's, Motion to Dismiss **[Doc. No. 7]**, Defendants David Henneke's, Robert Rainey's and Beverly Young's, Motion to Dismiss **[Doc. No. 12]**, and Defendants, W. Mark Luttrull's and Ted Logan's Motion to Dismiss **[Doc. No. 21]**,

filed pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff has responded to the various motions to dismiss.  Because of the similarity of issues, the court has considered the motions and responses together.  Upon thorough review of plaintiff's Complaint and the submissions of the parties, the court determines that the motions should be denied.

It is well settled that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  The complaint must be construed in the light most favorable to plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526.

The Complaint alleges that defendant Janice Melton ("Melton"), who is sued in her individual capacity, "was and now is the Warden employed by the State of Oklahoma's Department of Corrections for the Charles E. 'Bill' Johnson Correctional Center located in Alva, Oklahoma[]" ("the Johnson facility"). Complaint, ¶ 4.  The defendants David C. Henneke ("Henneke"), Robert L. Rainey ("Rainey"), W. Mark Luttrull ("Luttrull"), Ted Logan ("Logan"), Beverly Young ("Young"), and Earnest D. Ware ("Ware"), are also sued in their individual capacities and are identified as individuals who "were and now are members of the State Board of Corrections." Id., ¶ 5.

According to the Complaint, Kinney was transferred to the Johnson facility in June of 2002 to participate in a regimented drug treatment program, known as a "boot camp," for drug abusers in the state penal system. Id., ¶¶ 11-13. The Complaint alleges that as members of the Governing Board of the Department of Corrections ("DOC"), Henneke, Rainey, Luttrull, Logan, Young and Ware delegated their decision-making authority to Melton "to establish, manage, operate, and conduct the DOC's drug treatment program for inmates at the Johnson facility." Id., ¶ 13. Paragraph 14 of the Complaint alleges that "DOC's employees" at the Johnson facility, "including Defendants Melton, Henneke, Rainey, Luttrull, Logan, Young, Ware, and Does 1 through 5, were well aware of the extremely strenuous physical demands of the boot camp drug program and that many inmates who started the program dropped out because of the inability to endure the program's vigorous physical and mental rigors." Plaintiff alleges that the boot camp was "extraordinarily demanding, *i.e.,* physically, mentally, and emotionally, and required many hours of rigorous physical exercise during the heat of the Oklahoma summer." Id., ¶ 15.

After approximately four months at boot camp, Kinney "had lost a lot of his body weight, and was physically ill." Id., ¶ 16. The Complaint alleges that Kinney reported his health condition to Johnson facility "administrators and drill instructors" who "ignored his complaints and symptoms" and advised him that "his coughing and spitting up blood was due to smoking too many cigarettes." Id., ¶

18. The Complaint alleges that "Johnson Facility employees", though aware of Kinney's need for hernia surgery, "caused the surgical repair procedure to be postponed." Id., ¶ 19. The Complaint alleges that John Does 1 through 5 "taunted and harassed" Kinney for being sick. Id., ¶ 20. Approximately one to two weeks before his death, Kinney's physical condition continued to deteriorate, "he was suffering painful headaches, and he became so debilitated that he could not walk to the mess hall to take meals." Id., ¶ 21. The Complaint alleges that despite his "pleas for medical attention, care and treatment, Defendants accused [Kinney] of faking injuries and refused to provide him the needed medical care and treatment that he required." Id., ¶ 22. The Complaint alleges that Kinney was taken to a hospital in Alva, Oklahoma on October 6, 2002, where he was examined and treated with intravenous medications. Id., ¶¶ 23-24. Kinney was returned to the Johnson facility and it is alleged that Kinney's physical condition continued to deteriorate until he was taken by air ambulance to the University of Oklahoma medical Center in Oklahoma City, where he died on October 7, 2002. Id., ¶¶ 23-25. The autopsy revealed that Kinney died of "metastatic choriocarinoma" [sic]. Id., ¶ 26.

Paragraph 29 of the Complaint alleges: "By reason of the manner in which these Defendants operated and maintained the boot camp program, [Kinney] was subjected throughout the course of his incarceration and participation in that program to an extraordinarily rigorous physical exercise program with totally

inadequate facilities to test his fitness to participate in and remain in the program, to monitor his health status while engaging in the program, and to determine and treat his physical condition after he experienced problems and manifested those physical problems." The Complaint alleges that the "Defendants knew or reasonably should have known that [Kinney] needed immediate medical attention and instead of providing the required medical care and treatment, these Defendants engaged in a continuing course of conduct as set forth above that deliberately ignored and disregarded his pleas for help and treatment and caused [Kinney] to suffer by their harassment and physical abuse." Id., ¶ 30. Plaintiff seeks compensatory and punitive damages. Id., ¶¶ 32-33.

Melton, as Warden of the Johnson facility, and the other moving defendants, as members of the Board of Corrections, argue that plaintiff has failed to allege a specific constitutional violation against them. In essence, these defendants argue that they have been sued merely by virtue of their status as prison officials, and not for any specific personal involvement they may have had in the alleged constitutional deprivation. The movants assert the Complaint must be dismissed for failure to allege sufficient "personal participation" and a sufficient level of intentional conduct, as opposed to mere negligence, on the part of these defendants. The movants also argue that plaintiff's Complaint fails to state a claim under the proper Eighth Amendment standard of "deliberate indifference." Henneke, Rainey, Young, Luttrull and Logan argue that the Complaint fails to

state a claim under the Fourteenth Amendment's due process clause. All the moving defendants assert that they are entitled to qualified immunity.

In order to establish a claim for constitutional violations based on supervisory liability, a plaintiff must demonstrate that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or discretion, or his failure to supervise. *See* Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). Supervisory liability may be found where a person in a position of responsibility knew or should have known of the misconduct, but failed to act to prevent future harm. McClelland v. Facteau, 610 F.2d 693, 697 (10th Cir. 1979). Before a superior may be held liable for the acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations of which complaint is made. Id., at 696.

A prisoner's Eighth Amendment rights are violated when deliberate indifference is shown to serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference involves an objective and an subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220,

1224 (10th Cir. 1999) *quoting* Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).  The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  Liability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference, rather than mere negligence.  Langley v. Adams County, Colo., 987 F.2d 1473, 1481 (10th Cir. 1993).

     Regarding the defense of qualified immunity, the authorities are also well settled.  Governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 812 (1982).  For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains.  Medina v. City & County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992).  Once a defendant asserts the defense of qualified immunity, the plaintiff bears the burden of proving the defendant violated law that was clearly established.  Lenz v. Dewey, 64 F.3d 547, 550 (10th Cir. 1995).  When a defendant raises the defense of qualified immunity, the plaintiff must show the law was clearly established when the alleged violation occurred and must come forward with facts or allegations to show the official violated clearly established law.  V-1 Oil Co. v. Means, 94 F.3d 1420, 1422 (10th

Cir. 1996). The plaintiff bears a heavy burden and must demonstrate substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. Duncan v. Gunter, 15 F.3d 989, 992 (10th Cir. 1994). There is a presumption in favor of immunity for public officials acting in their individual capacities. Hidahl v. Gilpin Co. DSS, 938 F.2d 1150, 1155 (10th Cir. 1991). The plaintiff cannot meet its burden merely by identifying a clearly established right and then alleging that the defendant violated it. Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988).

Mindful of the standard for granting a motion to dismiss, the court concludes that plaintiff's allegations are minimally sufficient to withstand dismissal under Rule 12(b)(6). The court finds that plaintiff has sufficiently alleged facts suggesting an affirmative link between the alleged constitutional deprivations and the defendants' participation or acquiescence. At this stage of the proceedings, the court cannot say that plaintiff can prove no set of facts in support of the claim for deliberate indifference to serious medical needs. Therefore, dismissal of plaintiff's claims alleging constitutional deprivations under the Eighth and Fourteenth Amendments would not be appropriate. Accepting the facts alleged in the Complaint as true, as the court must do at the motion to dismiss stage, the court finds that plaintiff has asserted a violation of a constitutional right and that the asserted right is sufficiently clear that a

reasonable official would understand that what he is doing violates that right. Therefore, dismissal of the Complaint on the grounds of qualified immunity would also not be proper at this stage, without further development of the facts. However, nothing in this order should be taken as discouraging any defendant from filing a summary judgment motion, if warranted, at the appropriate time.

Accordingly, Defendant, Janice Melton's, Motion to Dismiss **[Doc. No. 7]**, Defendants David Henneke's, Robert Rainey's and Beverly Young's, Motion to Dismiss **[Doc. No. 12]**, and Defendants, W. Mark Luttrull's and Ted Logan's Motion to Dismiss **[Doc. No. 21]**, are **DENIED**, as more fully stated above.

It is so ordered this 23rd day of June, 2005.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge